REISSUED FOR PUBLICATION

JUL 10 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-51V

FILED

JUN 14 2018

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
COY CLAUDE FREDELL,                           *      Filed: June 14, 2018
                                              *
              Petitioner,                     *      Special Master Oler
                                              *
      v.                                      *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]**

On January 12, 2017, Coy Claude Fredell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that he suffered adverse effects as a result of his influenza vaccination administered on September 13, 2016. *See* Petition at 1. On January 17, 2017, the special master to whom the case had been originally assigned (Special Master Hastings) issued an Initial Order instructing Petitioner to file either a Status Report or Statement of Completion by Monday, February 26, 2017. ECF No. 6. A copy of the Initial Order was sent to Petitioner via USPS 1st Class Mail on January 23, 2017. Due to Petitioner's failure to comply with the Initial Order, Special Master

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Hastings issued an order on March 6, 2017, instructing Petitioner to file his overdue Status Report immediately. ECF No. 8. A copy of the order was sent to Petitioner via USPS 1st Class Mail on March 6, 2017.

Petitioner filed a Status Report on March 23, 2017, informing the court of Petitioner's request for medical records from his primary physician and Carolinas Healthcare System. ECF No. 9. Accordingly, a Scheduling Order issued on March 27, 2017, instructing the Petitioner to file his Statement of Completion by April 27, 2017. ECF No. 10. Petitioner filed his Medical Records, Exhibit List, and Statement of Completion on March 28, 2017. ECF Nos. 11-13.

On August 2, 2017, Special Master Hastings ordered Petitioner to file a Status Report by September 27, 2017, describing the status of Petitioner's efforts to obtain and file an Expert Report. ECF No. 20. Special Master Hastings also encouraged Petitioner to continue to seek counsel familiar with Vaccine Act cases in this court, in an effort to advance Petitioner's case forward to resolution. *Id.* Petitioner was further warned that the failure to file a timely response to the August 2, 2017 order could result in dismissal of Petitioner's claim. *Id.* Petitioner did not file the requested documentation by the September 27, 2017 deadline.

This case was reassigned to Special Master Corcoran on October 2, 2017. ECF No. 23. Special Master Corcoran issued an Order to Show Cause on October 4, 2017 due to Petitioner's failure to comply with the August 2, 2017 order. ECF No. 21. Petitioner was warned that non-compliance can result in dismissal of his claim. *Id.* Petitioner filed a response to the October 4, 2017 order on October 27, 2017. ECF No. 25. Petitioner informed the Court of his progress in both retaining an expert and retaining legal counsel. *Id.* More specifically, Petitioner noted that he is "currently seeking the assistance of legal counsel[,]" he is "actively working with legal counsel and medical experts in an effort to file an Expert Report[,]" and that he "discovered that [he] was in fact not given the full records by office and hospital personnel" from his primary physician and Carolinas Healthcare System. *Id.* Petitioner also noted that he is "in contact with a qualified medical doctor and upon review of [his] complete set [of] medical records, [such doctor] will provide a medical opinion letter[.]" *Id.* Petitioner informed the Court that his legal counsel "will be notifying [the Court] with the [items mentioned] and necessary documents." *Id.*

Special Master Corcoran then issued an order on October 31, 2017, setting a deadline of November 14, 2017 to inform the court regarding Petitioner's progress in filing an expert report and retaining legal counsel in this matter. ECF No. 26. Petitioner complied with that order and filed a status report on November 14, 2017, reiterating information that he provided in his previous status report. ECF No. 27. Petitioner noted that he is "currently still working to seek the assistance of legal counsel[,]" he is "continuing to actively work with legal counsel and medical experts in an effort to file an Expert Report[,]" and that he has "not yet obtained those [medical] records in their entirety." *Id.* Petitioner also noted that he "remain[s] in contact with a qualified medical doctor[.]" *Id.* In regard to legal counsel, Petitioner stated that "[o]nce all of

the paperwork is completed and retention has fully taken place, [his] legal counsel will be notifying [the Court] with the [items mentioned] and necessary documents." *Id.*

Special Master Corcoran issued an order on November 15, 2017, instructing Petitioner to file a status report by January 16, 2018 in order to inform the court regarding Petitioner's progress in filing an expert report and retaining legal counsel. ECF No. 28. Petitioner was instructed to include in his status report an update regarding his progress in obtaining outstanding medical records. *Id.*

On December 6, 2017, this case was reassigned to my docket. ECF No. 30. Petitioner did not file a status report by January 16, 2018, as ordered by Special Master Corcoran. I issued an order on February 7, 2018 for Petitioner to file his overdue status report by March 9, 2018. ECF No. 31. Petitioner did not comply with my order, so I again issued an order on March 20, 2018, instructing Petitioner to file his overdue status report by April 20, 2018. ECF No. 32. Petitioner did not comply with this order.

In light of Petitioner's failure to file his overdue status report, I subsequently issued an Order to Show Cause on May 2, 2018, instructing Petitioner to file his overdue status report or show cause as to why this case should not be dismissed pursuant to Vaccine Rule 21(b) for failure to prosecute and for failure to comply with prior orders in this action. ECF No. 33. Petitioner failed to file a response to my Order to Show Cause.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Petitioner was afforded the opportunity to offer an expert report or other evidence that would support his claim, and he failed to submit such evidence into the record. It is therefore appropriate to dismiss the claim for failure of proof.

In addition, Petitioner's claim must be dismissed due to his repeated failures to comply with orders. A petitioner's inaction and failure to abide by court orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner ignored deadlines set by the orders Special Master Corcoran and I issued on November 15, 2017, February 7, 2018, March 20, 2018, and May 2, 2018; further, he ignored my order to show cause, issued on May 2, 2018, informing Petitioner that the case would be dismissed if he again failed to respond. In each instance, Special Master Corcoran and I provided him ample time to contact chambers or file a status report.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient

evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof and failure to prosecute.  The Clerk shall enter judgment accordingly.[3]**

IT IS SO ORDERED.

Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.

4